## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RENEE' N. JACKSON-JONES,<br><br>               Plaintiff,<br><br>v.<br><br>TOWNSHIP OF IRVINGTON,<br>IRVINGTON POLICE DEPARTMENT,<br>OFFICE OF IRVINGTON MUNICIPAL<br>PROSECUTOR, SERGEANT KEVIN<br>HUGHES, PATROLMAN RODNEY<br>REMY, COUNCILMAN, KEVIN BUTLER,<br>IRVINGTON MUNICIPAL<br>PROSECUTOR, FARRAH IRVING,<br>AND JOHN/JANE DOES 1-5<br><br>               Defendants. | **CIVIL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, RENE' N. JACKSON-JONES, by way of Complaint against the Defendants, says:

### PARTIES

1.  Plaintiff, RENE' N. JACKSON-JONES, is an adult individual who is a citizen of the State of New Jersey, residing at 1516 Bower Street, in the City of Linden, County of Union, and State of New Jersey.

2.  Defendant, TOWNSHIP OF IRVINGTON, was and is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at Civic Center, Irvington, New Jersey.

3.  Defendant, IRVINGTON POLICE DEPARTMENT, was and is a police department duly formed under the laws of the state of New Jersey.

4. Defendant, OFFICE OF IRVINGTON MUNICIPAL PROSECUTOR, was and is a domestic municipal office and/or department duly formed under the laws of the State of New Jersey, with a principal place of business located at Civic Center, Irvington, New Jersey.

5. Defendant, COUNCILMAN KEVIN BUTLER, was and is a township official, operating a vehicle owned and insured by the Township of Irvington, acting outside his official capacity.

6. Defendants, SERGEANT KEVIN HUGHES and PATROLMAN RODNEY REMY, were at all times relevant employees of Defendant, IRVINGTON POLICE DEPARTMENT, acting under color of law and authority as officers of Defendants, IRVINGTON POLICE DEPARTMENT and TOWNSHIP OF IRVINGTON.

7. Defendant, MUNICIPAL PROSECUTOR FARRAH IRVING, was at all times relevant an employee of Defendant, OFFICE OF IRVINGTON MUNICIPAL PROSECUTOR, acting under color of law and authority as prosecutor of Defendants, OFFICE OF IRVINGTON MUNICIPAL PROSECUTOR and TOWNSHIP OF IRVINGTON.

8. Defendant, JOHN/JANE DOES 1-5, first and last names being fictitious and representing unnamed employees of Defendants, TOWNSHIP OF IRVINGTON, IRVINGTON POLICE DEPARTMENT and OFFICE OF IRVINGTON MUNICIPAL PROSECUTOR, acting under color of law and authority of Defendants, TOWNSHIP OF IRVINGTON, IRVINGTON POLICE DEPARTMENT and OFFICE OF IRVINGTON MUNICIPAL PROSECUTOR.

## JURISDICTION

9. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

10. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims arising under state law for violations of the Laws sand Constitution of the State of New Jersey.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the claims at issue arose in this jurisdictional district.

**COMPLAINT**

**GENERAL ALLEGATIONS**

12. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

13. On December 22, 2017, at approximately 10:00PM, Plaintiff, Renee' N. Jackson-Jones, was traveling in Irvington, NJ when she was lawfully stopped by Irvington Police Officer, badge number 07090465, and issued three (3) summonses - E17 056185 (in violation of N.J.S.A. – failure to possess insurance card) E17 056186 (in violation of N.J.S.A. 39:3-47A – failure to use lighted lamps when required), and E17 056187 (in violation of N.J.S.A. 39:3-76.2F.B – failure to secure child 8-18 with seatbelt. The odor of alcohol on her breath was not documented by this officer.

14. On December 22, 2017, at approximately 10:20PM, Plaintiff, Renee' N. Jackson-Jones, was traveling south bound on Stuyvesant Avenue in Irvington, NJ and lawfully waiting for the traffic control device to change from red to green so as to proceed through the intersection of Stuyvesant Avenue and Springfield Avenue. Plaintiff's vehicle was struck head-on with damage to her front bumper, both front fenders and headlights.

15. On December 22, 2017, at approximately 10:20PM, Defendant, Councilman Kevin Butler, was traveling west bound on Springfield Avenue in Irvington, NJ and made a "wide" right turn heading north bound on Stuyvesant Avenue. Defendant, Councilman Kevin Butler, struck Plaintiff, Renee' N. Jackson-Jones, head-on as he "attempted" to avoid what is alleged to have been an illegally parked vehicle at the north east corner of Stuyvesant Avenue and Springfield Avenue.

16. Defendant, Patrolman Rodney Remy, badge number 07090471, prepared the New Jersey Police Crash Investigation Report evidencing the absence of an illegally parked vehicle at the northeast corner of Stuyvesant Avenue and Springfield Avenue and/or failed to issue a summons for the allegedly illegally parked vehicle. Defendant, Patrolman Rodney Remy, failed to issue a summons to Defendant, Councilman Kevin Butler for the head-on collision that occurred when he crashed into the south bound lane on Stuyvesant Avenue while heading north. Defendant, Patrolman Rodney Remy, prepared the Irvington Police Department Drinking and Driving Report evidencing

the absence of the odor of alcoholic beverage on Plaintiff's breath, arrested Plaintiff for D.W.I. and issued four (4) summonses - E17 056195 (for violation of N.J.S.A. 39:3-29 – no registration/driver license/insurance card in possession), E17 056196 (for violation of N.J.S.A. 39:6B2 – uninsured vehicle), E17 056199 (for violation of N.J.S.A. 39:4-50 - driving while under the influence), and E17 056200 (for violation of N.J.S.A.39:4-50.2 refusal to submit breath sample). Defendant, Sergeant Kevin Hughes, badge number 07090246, reviewed and approved all reports and the issuance of the summonses.

17. On January 30, 2018, February 5, 2018, and February 26, 2018 Plaintiff appeared with counsel in Irvington Municipal Court. Defendant, Irvington Municipal Prosecutor Farrah Irvington offered a plea deal, dismissing summonses E17 056195, E17 056196 and E17 056199 in exchange for a guilty plea to E17 056200. Plaintiff rejected the plea offer and the matter proceeded to trial on March 26, 2018. Defendant, Irvington Municipal Prosecutor Farrah Irving conducted the direct examination of Defendant, Patrolman Rodney Remy during which time he stated under oath that he had performed Standardized Field Sobriety Tests in accordance with NJ police training protocol before arriving at a "reasonable suspicion" that Plaintiff was driving under the influence of alcohol. Upon information and belief, Patrolman Rodney Remy also testified, under oath, that he issued all seven (7) summonses to Plaintiff. Plaintiff's counsel began cross examination of the officer when the Honorable Anthony R. Atwell, CJMC, declared a mistrial. The matter was subsequently transferred to Newark Municipal Court due to obvious conflicts of interest.

18. On July 10, 2018 all charges against Plaintiff were dismissed on motion of the Newark Municipal Court Prosecutor.

**COUNT 1**

**VIOLATION OF 42 U.S.C. § 1983**

**FALSE ARREST and MALICIOUS PROSECUTION**

19. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

20. The arrest and prosecution of Plaintiff by Defendants was carried out unlawfully, intentionally, and maliciously without just or probable cause, for the express purpose of covering up the illegal act of failing to charge Defendant, Councilman Kevin Butler, for any and all traffic violations he committed by hitting Plaintiff's vehicle head-on while it was legally idling at the intersection of Stuyvesant Avenue and Springfield Avenue for the traffic control device to change so that she could legally proceed through the intersection. As such, Defendants' actions constitute false arrest and malicious prosecution.

21. The arrest and malicious prosecution of Plaintiff by Defendants violated her rights under the United States Constitution and New Jersey State Constitution, as well as the laws of the State of New Jersey.

## COUNT 2

## DEPRIVATION OF FEDERALLY- PROTECTED RIGHTS

## FOURTH AND FOURTEENTH AMENDMENTS

22. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

23. The actions of Defendants, Sergeant Kevin Hughes, Patrolman Rodney Remy, Irvington Municipal Prosecutor Farrah Irving and Defendants John/Jane Does 1-5, police officers and/or employees of the Irvington Police Department and Office of Irvington Municipal Prosecutor, were committed under color and authority of Defendants, Township of Irvington, Irvington Police Department, and Office of Irvington Municipal Prosecutor, and while acting in their official capacities. The actions and inactions of Defendants, Sergeant Kevin Hughes, Patrolman Rodney Remy, Irvington Municipal Prosecutor Farrah Irving and Defendants John/Jane Does 1-5, deprived Plaintiff of her rights under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

24. Plaintiff was thereby deprived of rights and immunities secured under the Constitution and Laws of the United States, including but not limited to the rights to be secure in her person and property;

to be free from unlawful searches, seizures, arrests, and the excessive use of force; and to be afforded due process and equal protection under the laws.

## COUNT 3

## VIOLATION OF 42 U.S.C. § 1983

## NEGLIGENCE

25. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

26. Defendants, Township of Irvington, Irvington Police Department and Office of Irvington Municipal Prosecutor, as a matter of policy and practice, failed to properly train, supervise, or otherwise sanction police officers and prosecutors who violated the rights of citizens, including Plaintiff, thus encouraging Defendant police officers and prosecutors in this case to engage in the unlawful and actionable conduct described above.

27. Defendants, Township of Irvington, Irvington Police Department and Office of Irvington Municipal Prosecutor, as a further matter of policy and practice, failed to properly train its police officers and prosecutors, including Defendants Sergeant Kevin Hughes, Patrolman Rodney Remy, Prosecutor Farrah Irving, and John/Jane Does 1-5, with respect to the constitutional, statutory, and departmental limits of their authority.

28. At all times herein mentioned, Defendants Sergeant Kevin Hughes, Patrolman Rodney Remy, Prosecutor Farrah Irving, and John/Jane Does 1-5, were acting as agents, servants, and/or employees of Defendants Township of Irvington, Irvington Police Department and Office of Irvington Municipal Prosecutor.

## DAMAGES

29. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

30. As a direct and proximate result of Defendants' conduct, Plaintiff suffered mental anguish in the past and future, was deprived of her State and Federal Constitutional Rights as aforementioned, and suffered economic damages in the past and future, and was otherwise damaged.

**ATTORNEY FEES**

31. It was necessary for Plaintiff to hire the undersigned attorney. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 1988(b).

**PRAYER**

32. The above paragraphs are repeated and incorporated herein by reference as if set forth in full. Wherefore, Plaintiff demands judgment against Defendants individually, jointly and/or in the alternative for compensatory damages, punitive damages, attorney fees, interests and costs of suit, and such other relief as the Court may deem just and equitable.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

33. Plaintiff asserts her rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

Dated: 7/16/19

By: _____
GWENDOLYN O. AUSTIN, ESQ.
17 Academy Street, Suite 1106
Newark, New Jersey 07102
973-735-2706
973-735-2707 fax
goaustinesq@gmail.com
Attorney for Plaintiff, Renee' N. Jones-Jackson